# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JUSTIN WALLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:18-CV-1975 NAB |
| | ) | |
| STANLEY PAYNE, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner=s application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition is successive and shall be summarily dismissed.

## Background

On June 1, 2012, petitioner pled guilty to felony theft/stealing of a controlled substance in violation of Section 570.030 of the Missouri Revised Statutes. *See State v. Walley*, Case No. 12PR-CR00061-01 (32nd Judicial Circuit, Perry County Court). On that same date, petitioner was sentenced to seven years' imprisonment. He did not seek direct review. On March 20, 2018, petitioner filed a petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254, challenging that state court judgment. *Walley v. Steele*, Case No. 4:18-CV-451 JMB (E.D. Mo. Apr. 18, 2018) On April 18, 2018, this Court dismissed the petition as untimely. Petitioner did not file a notice of appeal.

On June 1, 2018, petitioner filed a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court. *See Walley v. Steele*, No. 4:18-CV-846 NAB (E.D.Mo.). Because petitioner's claims challenged the same state court judgment as he had previously challenged in this Court, the Court

1

determined that petitioner's action could not be brought pursuant to § 2241. Moreover, the Court found that if petitioner was, in fact, bringing his case again under § 2254, his case would be "second or successive" pursuant to 28 U.S.C. § 2244.[1] Petitioner's case was, therefore, dismissed on June 6, 2018. *Id.*

## Discussion

In the instant petition for writ of habeas corpus, petitioner asserts that he "did not get to appear in court, he received ineffective assistance of, he is not guilty of the crime for which he was convicted, and he was never asked whether he was under any kind of medical or mental health care during his criminal trial.

To the extent that petitioner seeks to relitigate claims that he brought in his original petition and his second petition before this Court, these claims must be denied pursuant to 28 U.S.C. ' 2244(b)(1). To the extent that petitioner seeks to bring new claims for habeas relief, petitioner must obtain leave from the United States Court of Appeals for the Eighth Circuit before he can bring those claims in this Court. 28 U.S.C. § 2244(b)(3)(A).

Petitioner has not been granted leave to file a successive habeas petition in this Court. As a result, the petition shall be dismissed.

Accordingly,

---

[1] Although unpublished, opinions by the Eighth Circuit Court of Appeals and by other district courts in this circuit have uniformly held that a habeas corpus action dismissed as untimely is a decision on the merits. *See Diaz-Diaz v. U.S.*, 297 Fed. Appx. 574, 575 (8th Cir. Oct. 29, 2008); *Young v. Norman*, No. 4:10-CV-2186 DDN, 2010 WL 5184886, at*1 (E.D. Mo. Dec. 15, 2010); *Hazelett v. U.S.*, No. 4:10-CV- 2214 JCH, 2010 WL 5184888, at *1 (E.D. Mo. Dec. 15, 2010). Similarly, other courts of appeals have held that a dismissal on statute of limitations grounds constitutes a decision on the merits. *See McNabb v. Yates*, 576 F.3d 1029, 1030 (9th Cir. 2009); *Villanueva v. U.S.*, 346 F.3d 55, 61 (2d Cir. 2003); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003).

2

**IT IS HEREBY ORDERED** that petitioner=s application for writ of habeas corpus is **DENIED AND DISMISSED AS SUCCESSIVE**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 29th day of November, 2018.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE